# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANGELO GONZALEZ,**

        **Plaintiff,**

-vs-                                        Case No. 6:07-cv-627-Orl-31UAM

**THE PEP BOYS-MANNY, MOE & JACK, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the Court's own motion to set aside the default and to dismiss the case for failure to prosecute.

**I.    PROCEDURAL HISTORY**

      Plaintiff Angelo Gonzalez filed this action pursuant to the Fair Labor Standards Act on April 18, 2007.  Doc. 1.  On May 29, 2007, Plaintiff moved for entry of clerk's default as Defendant failed to file an answer.  Doc. 5.  The return of service filed in the action stated that service was made by delivering a copy of the complaint and summons to Kim Glover, Operations Specialist for The Pep Boys - Manny, Moe and Jack, at an address in Tallahassee, Florida.  Doc. 4.  The Clerk entered default against Defendant on May 29, 2007.  Doc. 6.

      Plaintiff subsequently filed two motions for an extension of time to file a motion for default judgment, which the Court granted.  Doc. 7-10.  On September 20, 2007, Plaintiff filed his motion for default judgment.  Doc. 11.  On October 18, 2007, the undersigned ordered Plaintiff to submit two

items to the Court: (1) a supplemental brief showing that service was properly effected and pursuant to what rule or statute; and (2) a copy of a prior pay stub to establish his earnings. Doc. 12. Again, Plaintiff sought two extensions of time to comply with the Court order, which were granted. Doc. 13-15, 17. In the second request for an extension of time, Plaintiff stated that he was waiting for an amended/corrected affidavit of service. Doc. 15 at 2. Although Plaintiff submitted a copy of a pay stub, Plaintiff never submitted the amended/corrected affidavit of service or the supplemental brief showing that service was properly effected.

On December 12, 2007, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Plaintiff has failed to file a response within the time permitted.

II.  **THE LAW**

    A.  **Failure to Prosecute**

When a case is not "diligently prosecuted," the district court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed. Local Rule 3.10(a). The court may then dismiss the case if the plaintiff does not show "satisfactory cause" in response to the order to show cause. *Id*.

    B.  **Service of Process**

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or (2) in the manner prescribed by

subdivision e(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Assuming a corporation's operations specialist is not an officer or agent within the meaning of Rule 4(h), service may also be made in accordance with Florida law, where the district court is located. Florida law provides that process against any private corporation may be served upon the registered agent (Fla. Stat. § 48.091) or by service:

> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081. For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the "statutorily prescribed superior classes of persons who may be served." *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So.2d 372, 373 (Fla. App. 4 Dist., 2001).

### III.   ANALYSIS

The title "Operations Specialist" is not one that is normally associated with an officer, or managing agent of a corporation. Therefore, Plaintiff does not appear to have effected service pursuant to Fed. R. Civ. P. 4(h). Nor has Plaintiff established that service was effected pursuant to Florida law. Although Plaintiff has been given ample opportunity to establish that service of process was properly effected, he has failed to do so and has failed to respond to the Court's order to show

cause. Plaintiff's failure to comply with the Court's order and establish effective service demonstrates a failure to prosecute his claim.

**IT IS, THEREFORE, RECOMMENDED THAT:**

1. The Court deny Plaintiff's motion for default judgment;

2. The Court set aside the default entered against Defendant; and

3. The Court dismiss Plaintiff's case for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 27, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell